UNITED STATES DISTRICT COURT                WESTERN DISTRICT OF NEW YORK

MICHAEL A. TOBEY AND
THERESA L. TOBEY,

                                        Plaintiffs,

      -against-

MATSUMOTO U.S. TECHNOLOGIES, INC.
MATSUMOTO KIKAI, CO., LTD and/or
ALL-FAB CORPORATION,

                        Defendants.

## COMPLAINT

### JURY TRIAL DEMANDED

CIVIL CASE NO.:_____

## I. NATURE OF CLAIM

1.      This is a products liability/negligence/warranty action to recover damages suffered by

plaintiffs due to defendants' negligence in designing, manufacturing, and/or distributing into the stream

of commerce a defective, unsafe and unreasonably dangerous product that failed to perform as expressly

and impliedly warranted; to wit, designing, manufacturing and/or distributing "Turning Rolls" without

proper warning and with inadequate instructions that failed while rolling a "Vent Mist Eliminator Tank"

weighing less than half of the "Turning Rolls' warranted capacity. Due to the failure of the "Turning

Rolls", the approximately 1,000 pound "Vent Mist Eliminator Tank" fell off the "Turning Rolls",

striking plaintiff MICHAEL TOBEY and causing him to suffer significant and permanent injuries. This

claim is for the permanent injuries, disabilities, limitations, pain, suffering, and financial damages

suffered directly and/or derivatively by plaintiffs.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court pursuant to the provisions of 28 U.S.C. 1332(a)(1) based on diversity of citizenship.  The amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand Dollars ($75,000.00).

## III. PARTIES

3.      At all times mentioned herein, plaintiffs MICHAEL AND THERESA TOBEY were husband and wife residing at 609 Chester Street, Elmira, New York 14901.

4.      Upon information and belief, defendant MATSUMOTO U.S. TECHNOLOGIES, INC. (hereinafter "MUST") was and is a foreign corporation deriving revenue from the sale of products within the State of New York with offices located at 1021 Production Court, Suite 1000, Madison, Alabama  35758.

5.      Upon information and belief, defendant MATSUMOTO KIKAI, Co., LTD (hereinafter "MAC") was and is a foreign corporation deriving revenue from the sale of products within the State of New York with offices located at 4-153, Oihara, Yao, Osaka 581-0092 Japan.

6.      Upon information and belief, defendant ALL-FAB CORPORATION (hereinafter "ALL-FAB") was and is a foreign corporation deriving revenue from the sale of products within the State of New York with offices located at 1235 Lincoln Road, Allegan, Michigan  49010.

7.      At all times pertinent herein, defendant MUST and/or its subsidiaries, successors and/or assigns, conducted business in the State of New York, and committed one or more tortious acts within this State and otherwise performed acts within or without the State of New York, subjecting it to the jurisdiction of the laws of this State.  Defendant MUST expected or reasonably should have expected its actions to have consequences in the State of New York.

8.     At all times pertinent herein, defendant MAC and/or its subsidiaries, successors and/or assigns, conducted business in the State of New York, and committed one or more tortious acts within this State and otherwise performed acts within or without the State of New York, subjecting it to the jurisdiction of the laws of this State.  Defendant MAC expected or reasonably should have expected its actions to have consequences in the State of New York.

9.     At all times pertinent herein, defendant ALL-FAB and/or its subsidiaries, successors and/or assigns, conducted business in the State of New York, and committed one or more tortious acts within this State and otherwise performed acts within or without the State of New York, subjecting it to the jurisdiction of the laws of this State.  Defendant ALL-FAB expected or reasonably should have expected its actions to have consequences in the State of New York.

10.     Upon information and belief, defendant MUST and/or its agents, subsidiaries, successors and/or assigns, among other things, processed, designed or caused to be designed, developed, tested, fashioned, manufactured or caused to be manufactured, packaged, inspected, supplied, sold, marketed, delivered, distributed and/or placed within the stream of commerce an item used for lifting commonly called "Turning Rolls", otherwise identified and labeled by defendant MUST as Model Number "RS-1-INB".

11.     Upon information and belief, defendant MAC and/or its agents, subsidiaries, successors and/or assigns, among other things, processed, designed or caused to be designed, developed, tested, fashioned, manufactured or caused to be manufactured, packaged, inspected, supplied, sold, marketed, delivered, distributed and/or placed within the stream of commerce an item used for lifting commonly called "Turning Rolls", otherwise identified and labeled by defendant MAC as Model Number "RS-1-INB".

12.     Upon information and belief, defendant ALL-FAB and/or its agents, subsidiaries, successors and/or assigns, among other things, processed, designed or caused to be designed, developed, tested, fashioned, manufactured or caused to be manufactured, packaged, inspected, supplied, sold, marketed, delivered, distributed and/or placed within the stream of commerce an item used for rolling commonly called "Turning Rolls", otherwise identified and labeled by ALL-FAB as Model Number "RS-1-INB" and Serial Number "G64-12303-3".

13.     The "Turning Rolls", otherwise identified and labeled by all defendants as Model Number "RS-1-INB" and/or defendant All-FAB by Serial Number "G64-12303-3", are hereinafter referred to as the "Turning Rolls".

14.     Upon information and belief, at some time prior to November 1, 2007, defendant MUST processed, designed or caused to be designed, developed, tested, fashioned, manufactured or caused to be manufactured, packaged and inspected the Turning Rolls.

15.     Upon information and belief, at some time prior to November 1, 2007, defendant MAC processed, designed or caused to be designed, developed, tested, fashioned, manufactured or caused to be manufactured, packaged and inspected, and marketed the Turning Rolls.

16.     Upon information and belief, at some time prior to November 1, 2007, defendant ALL-FAB processed, designed or caused to be designed, developed, tested, fashioned, manufactured or caused to be manufactured, packaged and inspected the Turning Rolls.

17.     Upon information and belief, at some time prior to November 1, 2007, defendant MUST marketed the Turning Rolls.

18.     Upon information and belief, at some time prior to November 1, 2007, defendant MAC marketed the Turning Rolls.

19.     Upon information and belief, at some time prior to November 1, 2007, defendant ALL-FAB marketed the Turning Rolls.

20.     Upon information and belief, at some time prior to November 1, 2007, defendant MUST delivered, supplied, sold and/or distributed the Turning Rolls to defendant ALL-FAB.

21.     Upon information and belief, at some time prior to November 1, 2007, defendant MAC delivered, supplied, sold and/or distributed the Turning Rolls to defendant ALL-FAB.

22.     Upon information and belief, at some time prior to November 1, 2007, defendant ALL-FAB delivered, supplied, sold and/or distributed the Turning Rolls to the Hilliard Corporation, a domestic company with offices located at 100 West Fourth Street, Elmira, New York.

23.     At all times herein mentioned, plaintiff MICHAEL TOBEY used and/or operated the Turning Rolls in a reasonably foreseeable manner that was within the reasonable contemplation of defendants and/or their subsidiaries, successors, assigns, employees and/or agents.

24.     At all times herein mentioned, plaintiff MICHAEL TOBEY used and/or operated the Turning Rolls in a reasonable and foreseeable manner consistent with the purposes and uses for which the Turning Rolls were intended.

25.     The Turning Rolls which caused plaintiffs' damages were placed or caused to be placed in the stream of commerce by defendant MUST and/or its subsidiaries, successors, assigns, employees and/or agents who are manufacturers, processors, designers, installers, marketers, distributors and/or sellers of various lifting and industrial products.

26.     The Turning Rolls which caused plaintiffs' damages were placed or caused to be placed in the stream of commerce by defendant MAC and/or its subsidiaries, successors, assigns, employees and/or agents who are manufacturers, processors, designers, installers, marketers, distributors and/or sellers of various lifting and industrial products.

27.    The Turning Rolls which caused plaintiffs' damages were placed or caused to be placed in the stream of commerce by defendant ALL-FAB and/or its subsidiaries, successors, assigns, employees and/or agents who are manufacturers, processors, designers, installers, marketers, distributors and/or sellers of various lifting and industrial products.

28.    At all relevant times, defendant MUST'S actions and conduct were performed through its duly authorized agents, servants and employees, who were acting in the course of their employment, within the scope of their authority, and in furtherance of the business and profits of defendant MUST and/or its subsidiaries, successors and/or assigns.

29.    At all relevant times, defendant MAC'S actions and conduct were performed through its duly authorized agents, servants and employees, who were acting in the course of their employment, within the scope of their authority, and in furtherance of the business and profits of defendant MAC and/or its subsidiaries, successors and/or assigns.

30.    At all relevant times, defendant ALL-FAB'S actions and conduct were performed through its duly authorized agents, servants and employees, who were acting in the course of their employment, within the scope of their authority, and in furtherance of the business and profits of defendant MUST and/or its subsidiaries, successors and/or assigns.

31.    At all relevant times, defendant MUST and/or its subsidiaries, successors and/or assigns, knew or should have known the Turning Rolls would be purchased and used by the purchaser without knowledge of the product's defects.

32.    At all relevant times, defendant MAC and/or its subsidiaries, successors and/or assigns, knew or should have known the Turning Rolls would be purchased and used by the purchaser without knowledge of the product's defects.

33.     At all relevant times, defendant ALL-FAB and/or its subsidiaries, successors and/or assigns, knew or should have known the Turning Rolls would be purchased and used by the purchaser without knowledge of the product's defects.

34.     On November 1, 2007, plaintiff MICHAEL TOBEY was an employee of the Hilliard Corporation engaged in work within the normal scope of his duties.

35.     On November 1, 2007, plaintiff MICHAEL TOBEY was in the process of welding a plate onto a Vent Mist Eliminator when the Vent Mist Eliminator fell off and/or was discharged from the Turning Rolls, striking him and causing him to suffer significant and permanent injuries.

36.     As a result of the Turning Rolls' failure, plaintiff MICHAEL TOBEY suffered, among other things, a comminuted fracture at L1 with posterior intrusion of the spinal canal requiring over two months of bed rest, resulting in permanent pain and disability to his back.

37.     At all times relevant herein, plaintiff MICHAEL TOBEY used the Turning Rolls in a reasonably foreseeable manner consistent with their intended use,

38.     Plaintiff MICHAEL TOBEY did not change, alter and/or modify the nature of the Turning Rolls prior to or upon the date of his disabling injuries.


## FIRST CAUSE OF ACTION AGAINST MATSUMOTO U.S. TECHNOLOGIES, INC. :
## STRICT LIABILITY

39.     Plaintiffs repeat, reallege, and incorporate by reference all of the allegations set forth in Paragraphs 1-38 of the Complaint as if fully set forth herein.

40.     At all times herein mentioned, plaintiff MICHAEL TOBEY used and/or operated the Turning Rolls in a reasonably foreseeable manner that was within the reasonable

contemplation of defendant MUST and/or its subsidiaries, successors, assigns, employees and/or agents.

41. At all times herein mentioned, plaintiff MICHAEL TOBEY used and/or operated the Turning Rolls in a reasonable and foreseeable manner consistent with the purposes and uses for which the Turning Rolls were intended.

42. The Turning Rolls were delivered to the Hilliard Corporation and/or plaintiff MICHAEL TOBEY in an unreasonably dangerous condition.

43. Defendant MUST is strictly liable in tort.

44. By reason of the Turning Rolls' failure and without any negligence on the part of the plaintiffs, plaintiff MICHAEL TOBEY sustained painful and severe injuries, including, but not limited to, a comminuted fracture at L1 with posterior intrusion of the spinal canal requiring over two months of bed rest, resulting in permanent pain and disability to his back.

45. As a result of his injuries, plaintiff MICHAEL TOBEY was forced to pay for medical treatment, medications, hospitalizations and similar miscellaneous expenses in an effort to restore himself to health.

46. Plaintiff MICHAEL TOBEY has been advised and believes he may be forced to incur expenses similar to those set forth in Paragraph 45 above in the future.

47. As a result of his injuries, plaintiff MICHAEL TOBEY has undergone and in the future will undergo great physical and mental suffering, great inconvenience in carrying out his daily activities and loss of life's pleasures and enjoyment.

48. As a result of his injuries, plaintiff MICHAEL TOBEY has sustained and will continue to sustain work loss, loss of opportunity and a permanent diminution of his earning power and capacity.

49.    As a result of his injuries, Plaintiff MICHAEL TOBEY continues to be plagued by persistent pain and limitation and has been told and believes his injuries are permanent and will cause residual problems for the remainder of his life.

50.    By reason of the foregoing, plaintiffs have been damaged in a sum of money having a present value exceeding $75,000.

## SECOND CAUSE OF ACTION AGAINST MATSUMOTO KIKAI, CO., LTD:
## STRICT LIABILITY

51.    Plaintiffs repeat, reallege, and incorporate by reference all of the allegations set forth in Paragraphs 1-50 of the Complaint as if fully set forth herein.

52.    At all times herein mentioned, plaintiff MICHAEL TOBEY used and/or operated the Turning Rolls in a reasonably foreseeable manner that was within the reasonable contemplation of defendant MAC and/or its subsidiaries, successors, assigns, employees and/or agents.

53.    At all times herein mentioned, plaintiff MICHAEL TOBEY used and/or operated the Turning Rolls in a reasonable and foreseeable manner consistent with the purposes and uses for which the Turning Rolls were intended.

54.    Defendant MAC is strictly liable in tort.

55.    By reason of the Turning Rolls' failure and without any negligence on the part of the plaintiffs, plaintiff MICHAEL TOBEY sustained painful and severe injuries, including, but not limited to, a comminuted fracture at L1 with posterior intrusion of the spinal canal requiring over two months of bed rest, resulting in permanent pain and disability to his back.

56.    As a result of his injuries, plaintiff MICHAEL TOBEY was forced to pay for medical treatment, medications, hospitalizations and similar miscellaneous expenses in an effort to restore himself to health.

57.   Plaintiff MICHAEL TOBEY has been advised and believes he may be forced to incur expenses similar to those set forth in Paragraph 56 above in the future.

58.   As a result of his injuries, plaintiff MICHAEL TOBEY has undergone and in the future will undergo great physical and mental suffering, great inconvenience in carrying out his daily activities and loss of life's pleasures and enjoyment.

59.   As a result of his injuries, plaintiff MICHAEL TOBEY has sustained and will continue to sustain work loss, loss of opportunity and a permanent diminution of his earning power and capacity.

60.   As a result of his injuries, Plaintiff MICHAEL TOBEY continues to be plagued by persistent pain and limitation and has been told and believes his injuries are permanent and will cause residual problems for the remainder of his life.

61.   By reason of the foregoing, plaintiffs have been damaged in a sum of money having a present value exceeding $75,000.

## THIRD CAUSE OF ACTION AGAINST ALL-FAB CORPORATION:

## STRICT LIABILITY

62.   Plaintiffs repeat, reallege, and incorporate by reference all of the allegations set forth in Paragraphs 1-61 of the Complaint as if fully set forth herein.

63.   At all times herein mentioned, plaintiff MICHAEL TOBEY used and/or operated the Turning Rolls in a reasonably foreseeable manner that was within the reasonable contemplation of defendant ALL-FAB and/or its subsidiaries, successors, assigns, employees and/or agents.

64.     At all times herein mentioned, plaintiff MICHAEL TOBEY used and/or operated the Turning Rolls in a reasonable and foreseeable manner consistent with the purposes and uses for which the Turning Rolls were intended.

65.     The Turning Rolls were delivered to the Hilliard Corporation and/or plaintiff MICHAEL TOBEY in an unreasonably dangerous condition.

66.     Defendant ALL-FAB is strictly liable in tort.

67.     By reason of the Turning Rolls' failure and without any negligence on the part of the plaintiffs, plaintiff MICHAEL TOBEY sustained painful and severe injuries, including, but not limited to, a comminuted fracture at L1 with posterior intrusion of the spinal canal requiring over two months of bed rest, resulting in permanent pain and disability to his back.

68.     As a result of his injuries, plaintiff MICHAEL TOBEY was forced to pay for medical treatment, medications, hospitalizations and similar miscellaneous expenses in an effort to restore himself to health.

69.     Plaintiff MICHAEL TOBEY has been advised and believes he may be forced to incur expenses similar to those set forth in Paragraph 68 above in the future.

70.     As a result of his injuries, plaintiff MICHAEL TOBEY has undergone and in the future will undergo great physical and mental suffering, great inconvenience in carrying out his daily activities and loss of life's pleasures and enjoyment.

71.     As a result of his injuries, plaintiff MICHAEL TOBEY has sustained and will continue to sustain work loss, loss of opportunity and a permanent diminution of his earning power and capacity.

72.     As a result of his injuries, plaintiff MICHAEL TOBEY continues to be plagued by persistent pain and limitation and has been told and believes his injuries are permanent and will cause residual problems for the remainder of his life.

*Federal Complaint*                                                                                    *Page 11*

73.   By reason of the foregoing, plaintiffs have been damaged in a sum of money having a present value exceeding $75,000.

## FOURTH CAUSE OF ACTION AGAINST MATSUMOTO U.S. TECHNOLOGIES, INC: BREACH OF EXPRESS WARRANTIES

74.   Plaintiffs repeat, re-allege, and incorporate by reference to all of the allegations set forth in Paragraphs 1-73 of the Complaint as if fully set forth herein.

75.   Sometime prior to November 1, 2007, defendant MUST and/or its subsidiaries, successors and/or assigns, induced the Hilliard Corporation and/or its employees and agents to purchase said Turning Rolls by expressly warranting in advertisements, websites and packaging directed to the attention of the public, including but not limited to plaintiff MICHAEL TOBEY, that the Turning Rolls were manufactured with the highest quality design and workmanship available and could accommodate up to a load capacity of 2200 lbs.

76.   Sometime prior to November 1, 2007, defendant MUST and/or its subsidiaries, successors and/or assigns, induced the Hilliard Corporation and/or its employees and agents to purchase said Turning Rolls by expressly warranting in advertisements, websites and packaging directed to the attention of the public, including MICHAEL TOBEY, that the turning rolls would require no special attention or precautions, without mention of how to align the rolls or otherwise insure they have been aligned correctly.

77.   Sometime prior to November 1, 2007, defendant MUST and/or its subsidiaries, successors and/or assigns, induced the Hilliard Corporation and/or its employees and agents to purchase said Turning Rolls by expressly warranting in advertisements, websites and packaging directed to the attention of the public, including MICHAEL TOBEY, that the Turing Rolls were fit, safe and/or suitable for use, and that they contained no undisclosed and/or latent defects.

78.    Plaintiff MICHAEL TOBEY relied upon express warranties and representations of the defendant MUST and/or its subsidiaries, successors and/or assigns when he used and/or operated the Turning Rolls.

79.    At all relevant times, the express warranties concerning the Turning Rolls were untrue, and the Turning Rolls were not fit, safe and/or reasonably suitable for use.

80.    At all relevant times, the express warranties concerning the Turning Rolls were untrue, and the Turning Rolls contained undisclosed and/or latent defects.

81.    By reason of the Turning Rolls' failure and without any negligence on the part of the plaintiffs, plaintiff MICHAEL TOBEY sustained painful and severe injuries, including, but not limited to, a comminuted fracture at L1 with posterior intrusion of the spinal canal requiring over two months of bed rest, resulting in permanent pain and disability to his back.

82.    As a result of his injuries, plaintiff MICHAEL TOBEY was forced to pay for medical treatment, medications, hospitalizations and similar miscellaneous expenses in an effort to restore himself to health.

83.    Plaintiff MICHAEL TOBEY has been advised and believes he may be forced to incur expenses similar to those set forth in Paragraph 82 above in the future.

84.    As a result of his injuries, plaintiff MICHAEL TOBEY has undergone and in the future will undergo great physical and mental suffering, great inconvenience in carrying out his daily activities and loss of life's pleasures and enjoyment.

85.    As a result of his injuries, plaintiff MICHAEL TOBEY has sustained and will continue to sustain work loss, loss of opportunity and a permanent diminution of his earning power and capacity.

86.    As a result of his injuries, plaintiff MICHAEL TOBEY continues to be plagued by persistent pain and limitation and has been told and believes his injuries are permanent and will cause residual problems for the remainder of his life.

87.    By reason of the foregoing, plaintiffs have been damaged in a sum of money having a present value exceeding $75,000.

## FIFTH CAUSE OF ACTION AGAINST MATSUMOTO KIKAI, CO., LTD:
## BREACH OF EXPRESS WARRANTIES

88.    Plaintiffs repeat, re-allege, and incorporate by reference to all of the allegations set forth in Paragraphs 1-87 of the Complaint as if fully set forth herein.

89.    Sometime prior to November 1, 2007, defendant MAC and/or its subsidiaries, successors and/or assigns, induced the Hilliard Corporation and/or its employees and agents to purchase said Turning Rolls by expressly warranting in advertisements, websites and packaging directed to the attention of the public, including but not limited to plaintiff MICHAEL TOBEY, that the Turning Rolls were manufactured with the highest quality design and workmanship available and could accommodate up to a load capacity of 2200 lbs.

90.    Sometime prior to November 1, 2007, defendant MAC and/or its subsidiaries, successors and/or assigns, induced the Hilliard Corporation and/or its employees and agents to purchase said Turning Rolls by expressly warranting in advertisements, websites and packaging directed to the attention of the public, including MICHAEL TOBEY, that the turning rolls would require no special attention or precautions, without mention of how to align the rolls or otherwise insure they have been aligned correctly.

91.    Sometime prior to November 1, 2007, defendant MAC and/or its subsidiaries, successors and/or assigns, induced the Hilliard Corporation and/or its employees and agents to

purchase said Turning Rolls by expressly warranting in advertisements, websites and packaging directed to the attention of the public, including MICHAEL TOBEY, that the Turing Rolls were fit, safe and/or suitable for use, and that they contained no undisclosed and/or latent defects.

92.     Plaintiff MICHAEL TOBEY relied upon express warranties and representations of the defendant MAC and/or its subsidiaries, successors and/or assigns when he used and/or operated the Turning Rolls.

93.     At all relevant times, the express warranties concerning the Turning Rolls were untrue, and the Turning Rolls were not fit, safe and/or reasonably suitable for use.

94.     At all relevant times, the express warranties concerning the Turning Rolls were untrue, and the Turning Rolls contained undisclosed and/or latent defects.

95.     By reason of the Turning Rolls' failure and without any negligence on the part of the plaintiffs, plaintiff MICHAEL TOBEY sustained painful and severe injuries, including, but not limited to, a comminuted fracture at L1 with posterior intrusion of the spinal canal requiring over two months of bed rest, resulting in permanent pain and disability to his back.

96.     As a result of his injuries, plaintiff MICHAEL TOBEY was forced to pay for medical treatment, medications, hospitalizations and similar miscellaneous expenses in an effort to restore himself to health.

97.     Plaintiff MICHAEL TOBEY has been advised and believes he may be forced to incur expenses similar to those set forth in Paragraph 96 above in the future.

98.     As a result of his injuries, plaintiff MICHAEL TOBEY has undergone and in the future will undergo great physical and mental suffering, great inconvenience in carrying out his daily activities and loss of life's pleasures and enjoyment.

99.   As a result of his injuries, plaintiff MICHAEL TOBEY has sustained and will continue to sustain work loss, loss of opportunity and a permanent diminution of his earning power and capacity.

100.   As a result of his injuries, plaintiff MICHAEL TOBEY continues to be plagued by persistent pain and limitation and has been told and believes his injuries are permanent and will cause residual problems for the remainder of his life.

101.   By reason of the foregoing, plaintiffs have been damaged in a sum of money having a present value exceeding $75,000.

## SIXTH CAUSE OF ACTION AGAINST ALL-FAB CORPORATION:

## BREACH OF EXPRESS WARRANTIES

102.   Plaintiffs repeat, re-allege, and incorporate by reference to all of the allegations set forth in Paragraphs 1-101 of the Complaint as if fully set forth herein.

103.   Sometime prior to November 1, 2007, defendant ALL-FAB and/or its subsidiaries, successors and/or assigns, induced the Hilliard Corporation and/or its employees and agents to purchase said Turning Rolls by expressly warranting in advertisements, websites and packaging directed to the attention of the public, including but not limited to plaintiff MICHAEL TOBEY, that the Turning Rolls were manufactured with the highest quality design and workmanship available and could accommodate up to a load capacity of 2200 lbs.

104.   Sometime prior to November 1, 2007, defendant ALL-FAB and/or its subsidiaries, successors and/or assigns, induced the Hilliard Corporation and/or its employees and agents to purchase said Turning Rolls by expressly warranting in advertisements, websites and packaging directed to the attention of the public, including MICHAEL TOBEY, that the

turning rolls would require no special attention or precautions, without mention of how to align the rolls or otherwise insure they have been aligned correctly.

105.   Sometime prior to November 1, 2007, defendant ALL-FAB and/or its subsidiaries, successors and/or assigns, induced the Hilliard Corporation and/or its employees and agents to purchase said Turning Rolls by expressly warranting in advertisements, websites and packaging directed to the attention of the public, including MICHAEL TOBEY, that the Turing Rolls were fit, safe and/or suitable for use, and that they contained no undisclosed and/or latent defects.

106.   Plaintiff MICHAEL TOBEY relied upon express warranties and representations of the defendant ALL-FAB and/or its subsidiaries, successors and/or assigns when he used and/or operated the Turning Rolls.

107.   At all relevant times, the express warranties concerning the Turning Rolls were untrue, and the Turning Rolls were not fit, safe and/or reasonably suitable for use.

108.   At all relevant times, the express warranties concerning the Turning Rolls were untrue, and the Turning Rolls contained undisclosed and/or latent defects.

109.   By reason of the Turning Rolls' failure and without any negligence on the part of the plaintiffs, plaintiff MICHAEL TOBEY sustained painful and severe injuries, including, but not limited to, a comminuted fracture at L1 with posterior intrusion of the spinal canal requiring over two months of bed rest, resulting in permanent pain and disability to his back.

110.   As a result of his injuries, plaintiff MICHAEL TOBEY was forced to pay for medical treatment, medications, hospitalizations and similar miscellaneous expenses in an effort to restore himself to health.

111.   Plaintiff MICHAEL TOBEY has been advised and believes he may be forced to incur expenses similar to those set forth in Paragraph 110 above in the future.

112.    As a result of his injuries, plaintiff MICHAEL TOBEY has undergone and in the future will undergo great physical and mental suffering, great inconvenience in carrying out his daily activities and loss of life's pleasures and enjoyment.

113.    As a result of his injuries, plaintiff MICHAEL TOBEY has sustained and will continue to sustain work loss, loss of opportunity and a permanent diminution of his earning power and capacity.

114.    As a result of his injuries, plaintiff MICHAEL TOBEY continues to be plagued by persistent pain and limitation and has been told and believes his injuries are permanent and will cause residual problems for the remainder of his life.

115.    By reason of the foregoing, plaintiffs have been damaged in a sum of money having a present value exceeding $75,000.

## SEVENTH CAUSE OF ACTION AGAINST MATSUMOTO U.S. TECHNOLOGIES, INC:

### BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

116.    Plaintiffs repeat, reallege, and incorporate by reference all of the allegations set forth in Paragraphs 1-115 of the Complaint as if fully set forth herein.

117.    Defendant MUST and/or its subsidiaries, successors and/or assigns impliedly warranted the Turning Rolls were of good and merchantable quality and were fit for their intended purpose.

118.    The Hilliard Corporation and/or its employees and agents, including but not limited to plaintiff MICHAEL TOBEY, relied on defendant MUST'S implied warranties.

119.    As a direct and proximate result of plaintiff MICHAEL TOBEY'S reliance on defendant MUST'S implied warranties, plaintiffs were damaged.

120.    By reason of the Turning Rolls' failure and without any negligence on the part of the plaintiffs, plaintiff MICHAEL TOBEY sustained painful and severe injuries, including, but not limited to, a comminuted fracture at L1 with posterior intrusion of the spinal canal requiring over two months of bed rest, resulting in permanent pain and disability to his back.

121.    As a result of his injuries, plaintiff MICHAEL TOBEY was forced to pay for medical treatment, medications, hospitalizations and similar miscellaneous expenses in an effort to restore himself to health.

122.    Plaintiff MICHAEL TOBEY has been advised and believes he may be forced to incur expenses similar to those set forth in Paragraph 121 above in the future.

123.    As a result of his injuries, plaintiff MICHAEL TOBEY has undergone and in the future will undergo great physical and mental suffering, great inconvenience in carrying out his daily activities and loss of life's pleasures and enjoyment.

124.    As a result of his injuries, plaintiff MICHAEL TOBEY has sustained and will continue to sustain work loss, loss of opportunity and a permanent diminution of his earning power and capacity.

125.    As a result of his injuries, plaintiff MICHAEL TOBEY continues to be plagued by persistent pain and limitation and has been told and believes his injuries are permanent and will cause residual problems for the remainder of his life.

126.    By reason of the foregoing, plaintiffs have been damaged in a sum of money having a present value exceeding $75,000.

## EIGHTH CAUSE OF ACTION AGAINST MATSUMOTO KIKAI, CO., LTD:

### BREACH OF THE IMPLIED WARRANTY
### OF FITNESS FOR A PARTICULAR PURPOSE

127.     Plaintiffs repeat, reallege, and incorporate by reference all of the allegations set forth in Paragraphs 1-126 of the Complaint as if fully set forth herein.

128.     Defendant MAC and/or its subsidiaries, successors and/or assigns impliedly warranted the Turning Rolls were of good and merchantable quality and were fit for their intended purpose.

129.     The Hilliard Corporation and/or its employees and agents, including but not limited to plaintiff MICHAEL TOBEY, relied on defendant MAC'S implied warranties.

130.     As a direct and proximate result of plaintiff MICHAEL TOBEY'S reliance on defendant MAC'S implied warranties, plaintiffs were damaged.

131.     By reason of the Turning Rolls' failure and without any negligence on the part of the plaintiffs, plaintiff MICHAEL TOBEY sustained painful and severe injuries, including, but not limited to, a comminuted fracture at L1 with posterior intrusion of the spinal canal requiring over two months of bed rest, resulting in permanent pain and disability to his back.

132.     As a result of his injuries, plaintiff MICHAEL TOBEY was forced to pay for medical treatment, medications, hospitalizations and similar miscellaneous expenses in an effort to restore himself to health.

133.     Plaintiff MICHAEL TOBEY has been advised and believes he may be forced to incur expenses similar to those set forth in Paragraph 132 above in the future.

134.     As a result of his injuries, plaintiff MICHAEL TOBEY has undergone and in the future will undergo great physical and mental suffering, great inconvenience in carrying out his daily activities and loss of life's pleasures and enjoyment.

135.    As a result of his injuries, plaintiff MICHAEL TOBEY has sustained and will continue to sustain work loss, loss of opportunity and a permanent diminution of his earning power and capacity.

136.    As a result of his injuries, plaintiff MICHAEL TOBEY continues to be plagued by persistent pain and limitation and has been told and believes his injuries are permanent and will cause residual problems for the remainder of his life.

137.    By reason of the foregoing, plaintiffs have been damaged in a sum of money having a present value exceeding $75,000.

## NINTH CAUSE OF ACTION AGAINST ALL-FAB CORPORATION:

### BREACH OF THE IMPLIED WARRANTY
### OF FITNESS FOR A PARTICULAR PURPOSE

138.    Plaintiffs repeat, reallege, and incorporate by reference all of the allegations set forth in Paragraphs 1-137 of the Complaint as if fully set forth herein.

139.    Defendant ALL-FAB and/or its subsidiaries, successors and/or assigns impliedly warranted the Turning Rolls were of good and merchantable quality and were fit for their intended purpose.

140.    The Hilliard Corporation and/or its employees and agents, including but not limited to plaintiff MICHAEL TOBEY, relied on defendant ALL-FAB'S implied warranties.

141.    As a direct and proximate result of plaintiff MICHAEL TOBEY'S reliance on defendant ALL-FAB'S implied warranties, plaintiffs were damaged.

142.    By reason of the Turning Rolls' failure and without any negligence on the part of the plaintiffs, plaintiff MICHAEL TOBEY sustained painful and severe injuries, including, but not limited to, a comminuted fracture at L1 with posterior intrusion of the spinal canal requiring over two months of bed rest, resulting in permanent pain and disability to his back.

143.    As a result of his injuries, plaintiff MICHAEL TOBEY was forced to pay for medical treatment, medications, hospitalizations and similar miscellaneous expenses in an effort to restore himself to health.

144.    Plaintiff MICHAEL TOBEY has been advised and believes he may be forced to incur expenses similar to those set forth in Paragraph 143 above in the future.

145.    As a result of his injuries, plaintiff MICHAEL TOBEY has undergone and in the future will undergo great physical and mental suffering, great inconvenience in carrying out his daily activities and loss of life's pleasures and enjoyment.

146.    As a result of his injuries, plaintiff MICHAEL TOBEY has sustained and will continue to sustain work loss, loss of opportunity and a permanent diminution of his earning power and capacity.

147.    As a result of his injuries, plaintiff MICHAEL TOBEY continues to be plagued by persistent pain and limitation and has been told and believes his injuries are permanent and will cause residual problems for the remainder of his life.

148.    By reason of the foregoing, plaintiffs have been damaged in a sum of money having a present value exceeding $75,000.

## TENTH CAUSE OF ACTION AGAINST MATSUMOTO U.S. TECHNOLOGIES, INC:
## NEGLIGENCE

149.    Plaintiffs repeat, re-allege, and incorporate by reference all of the allegations set forth in Paragraphs 1-148 of the Complaint as if fully set forth herein.

150.    The negligence of defendant MUST and/or its subsidiaries, successors and/or assigns consisted of:

   a.    negligently designing the Turning Rolls;

b.  negligently constructing the Turning Rolls;

c.  negligently manufacturing the Turning Rolls;

d.  negligently inspecting and/or testing the Turning Rolls to ensure they were fit for their intended purpose before releasing said Turning Rolls into the stream of commerce;

e.  selling defective Turning Rolls;

f.  marketing defective Turning Rolls;

g.  failing to warn MICHAEL TOBEY of the dangers of using the defective Turning Rolls;

h.  failing to provide needed, accurate and adequate warnings and information of the dangers to persons who would reasonably and foreseeably use the Turning Rolls;

i.  failing to study, test, investigate, ascertain, impose or comply with reasonable standards and regulations to protect and promote the health and safety of or minimize the dangers to those who might purchase and/or use the Turning Rolls;

j.  failing to develop, make available, provide or promote Turning Rolls which were free of defects;

k.  failing to provide basic safeguards to prevent the Turning Rolls from being assembled improperly; and

l.  in otherwise being negligent as shall become more particularly known through pre-trial discovery.

151.   By reason of the Turning Rolls' failure and without any negligence on the part of the plaintiffs, plaintiff MICHAEL TOBEY sustained painful and severe injuries, including, but

not limited to, a comminuted fracture at L1 with posterior intrusion of the spinal canal requiring over two months of bed rest, resulting in permanent pain and disability to his back.

152.   As a result of his injuries, plaintiff MICHAEL TOBEY was forced to pay for medical treatment, medications, hospitalizations and similar miscellaneous expenses in an effort to restore himself to health.

153.   Plaintiff MICHAEL TOBEY has been advised and believes he may be forced to incur expenses similar to those set forth in Paragraph 152 above in the future.

154.   As a result of his injuries, plaintiff MICHAEL TOBEY has undergone and in the future will undergo great physical and mental suffering, great inconvenience in carrying out his daily activities and loss of life's pleasures and enjoyment.

155.   As a result of his injuries, plaintiff MICHAEL TOBEY has sustained and will continue to sustain work loss, loss of opportunity and a permanent diminution of his earning power and capacity.

156.   As a result of his injuries, plaintiff MICHAEL TOBEY continues to be plagued by persistent pain and limitation and has been told and believes his injuries are permanent and will cause residual problems for the remainder of his life.

157.   By reason of the foregoing, plaintiffs have been damaged in a sum of money having a present value exceeding $75,000.


## TENTH CAUSE OF ACTION AGAINST MATSUMOTO KIKAI, CO., LTD:

## NEGLIGENCE

158.   Plaintiffs repeat, re-allege, and incorporate by reference all of the allegations set forth in Paragraphs 1-157 of the Complaint as if fully set forth herein.

159.    The negligence of MAC and/or its subsidiaries, successors and/or assigns consisted of:

    a.   negligently designing the Turning Rolls;

    b.   negligently constructing the Turning Rolls;

    c.   negligently manufacturing the Turning Rolls;

    d.   negligently inspecting and/or testing the Turning Rolls to ensure they were fit for their intended purpose before releasing said Turning Rolls into the stream of commerce;

    e.   selling defective Turning Rolls;

    f.   marketing defective Turning Rolls;

    g.   failing to warn MICHAEL TOBEY of the dangers of using the defective Turning Rolls;

    h.   failing to provide needed, accurate and adequate warnings and information of the dangers to persons who would reasonably and foreseeably use the Turning Rolls;

    i.   failing to study, test, investigate, ascertain, impose or comply with reasonable standards and regulations to protect and promote the health and safety of or minimize the dangers to those who might purchase and/or use the Turning Rolls;

    j.   failing to develop, make available, provide or promote Turning Rolls which were free of defects;

    k.   failing to provide basic safeguards to prevent the Turning Rolls from being assembled improperly; and

l. in otherwise being negligent as shall become more particularly known through pre-trial discovery.

160.   By reason of the Turning Rolls' failure and without any negligence on the part of the plaintiffs, plaintiff MICHAEL TOBEY sustained painful and severe injuries, including, but not limited to, a comminuted fracture at L1 with posterior intrusion of the spinal canal requiring over two months of bed rest, resulting in permanent pain and disability to his back.

161.   As a result of his injuries, plaintiff MICHAEL TOBEY was forced to pay for medical treatment, medications, hospitalizations and similar miscellaneous expenses in an effort to restore himself to health.

162.   Plaintiff MICHAEL TOBEY has been advised and believes he may be forced to incur expenses similar to those set forth in Paragraph 161 above in the future.

163.   As a result of his injuries, plaintiff MICHAEL TOBEY has undergone and in the future will undergo great physical and mental suffering, great inconvenience in carrying out his daily activities and loss of life's pleasures and enjoyment.

164.   As a result of his injuries, plaintiff MICHAEL TOBEY has sustained and will continue to sustain work loss, loss of opportunity and a permanent diminution of his earning power and capacity.

165.   As a result of his injuries, plaintiff MICHAEL TOBEY continues to be plagued by persistent pain and limitation and has been told and believes his injuries are permanent and will cause residual problems for the remainder of his life.

166.   By reason of the foregoing, plaintiffs have been damaged in a sum of money having a present value exceeding $75,000.

## TENTH CAUSE OF ACTION AGAINST ALL-FAB CORPORTAION:

## NEGLIGENCE

167.    Plaintiffs repeat, re-allege, and incorporate by reference all of the allegations set forth in Paragraphs 1-165 of the Complaint as if fully set forth herein.

168.    The negligence of ALL-FAB and/or its subsidiaries, successors and/or assigns consisted of:

    a.  negligently designing the Turning Rolls;

    b.  negligently constructing the Turning Rolls;

    c.  negligently manufacturing the Turning Rolls;

    d.  negligently inspecting and/or testing the Turning Rolls to ensure they were fit for their intended purpose before releasing said Turning Rolls into the stream of commerce;

    e.  selling defective Turning Rolls;

    f.  marketing defective Turning Rolls;

    g.  failing to warn MICHAEL TOBEY of the dangers of using the defective Turning Rolls;

    h.  failing to provide needed, accurate and adequate warnings and information of the dangers to persons who would reasonably and foreseeably use the Turning Rolls;

    i.  failing to study, test, investigate, ascertain, impose or comply with reasonable standards and regulations to protect and promote the health and safety of or minimize the dangers to those who might purchase and/or use the Turning Rolls;

j.  failing to develop, make available, provide or promote Turning Rolls which were free of defects;

k.  failing to provide basic safeguards to prevent the Turning Rolls from being assembled improperly; and

l.  in otherwise being negligent as shall become more particularly known through pre-trial discovery.

169.  By reason of the Turning Rolls' failure and without any negligence on the part of the plaintiffs, plaintiff MICHAEL TOBEY sustained painful and severe injuries, including, but not limited to, a comminuted fracture at L1 with posterior intrusion of the spinal canal requiring over two months of bed rest, resulting in permanent pain and disability to his back.

170.  As a result of his injuries, plaintiff MICHAEL TOBEY was forced to pay for medical treatment, medications, hospitalizations and similar miscellaneous expenses in an effort to restore himself to health.

171.  Plaintiff MICHAEL TOBEY has been advised and believes he may be forced to incur expenses similar to those set forth in Paragraph 170 above in the future.

172.  As a result of his injuries, plaintiff MICHAEL TOBEY has undergone and in the future will undergo great physical and mental suffering, great inconvenience in carrying out his daily activities and loss of life's pleasures and enjoyment.

173.  As a result of his injuries, plaintiff MICHAEL TOBEY has sustained and will continue to sustain work loss, loss of opportunity and a permanent diminution of his earning power and capacity.

174.  As a result of his injuries, plaintiff MICHAEL TOBEY continues to be plagued by persistent pain and limitation and has been told and believes his injuries are permanent and will cause residual problems for the remainder of his life.

175.   By reason of the foregoing, plaintiffs have been damaged in a sum of money having a present value exceeding $75,000.

## ELEVENTH CAUSE OF ACTION AGAINST MATSUMOTO U.S. TECHNOLOGIES, INC:

### DERIVATIVE CLAIM

176.   Plaintiff repeats, re-alleges and incorporates by reference all of the allegations set forth in Paragraphs 1-175 of the Complaint as if fully set forth herein.

177.   At all times hereinafter mentioned, plaintiff MICHAEL TOBEY was and still is the lawful husband of plaintiff THERESA TOBEY, and they reside together and continue to reside together as husband and wife with all the legal and natural consequences attendant to the aforesaid status.

178.   By reason of defendant MUST'S actions as alleged above, plaintiff THERESA TOBEY lost the comfort, companionship, society and services and her husband, plaintiff MICHAEL TOBEY.

179.   By reason of defendant MUST'S actions as alleged above, plaintiff THERESA TOBEY sustained the burden of caring of her husband and performing services related to his health, well being and physical comfort as well as assuming certain household tasks and responsibilities, and will be caused more of the same in the future.

180.   By reason of defendant MUST'S actions as alleged above, plaintiff THERESA TOBEY has been caused to sustain all of the damages hereinbefore set forth, and has, as a consequence, sustained great and severe damages requiring adequate compensation by money damages exceeding $75,000.00.   Plaintiff THERESA TOBEY prays for money damages sufficient to provide adequate compensation for all of the damage and loss.

## TWELFTH CAUSE OF ACTION AGAINST MATSUMOTO KIKAI, CO., LTD, INC:

### DERIVATIVE CLAIM

181.   Plaintiff repeats, re-alleges and incorporates by reference all of the allegations set forth in Paragraphs 1-180 of the Complaint as if fully set forth herein.

182.   At all times hereinafter mentioned, plaintiff MICHAEL TOBEY was and still is the lawful husband of plaintiff THERESA TOBEY, and they reside together and continue to reside together as husband and wife with all the legal and natural consequences attendant to the aforesaid status.

183.   By reason of defendant MAC'S actions as alleged above, plaintiff THERESA TOBEY lost the comfort, companionship, society and services and her husband, plaintiff MICHAEL TOBEY.

184.   By reason of defendant MAC'S actions as alleged above, plaintiff THERESA TOBEY sustained the burden of caring of her husband and performing services related to his health, well being and physical comfort as well as assuming certain household tasks and responsibilities, and will be caused more of the same in the future.

185.   By reason of defendant MAC'S actions as alleged above, plaintiff THERESA TOBEY has been caused to sustain all of the damages hereinbefore set forth, and has, as a consequence, sustained great and severe damages requiring adequate compensation by money damages exceeding $75,000.00.   Plaintiff THERESA TOBEY prays for money damages sufficient to provide adequate compensation for all of the damage and loss.

## THIRTEENTH CAUSE OF ACTION AGAINST ALL-FAB CORPORATION:

## DERIVATIVE CLAIM

186.    Plaintiff repeats, re-alleges and incorporates by reference all of the allegations set forth in Paragraphs 1-185 of the Complaint as if fully set forth herein.

187.    At all times hereinafter mentioned, plaintiff MICHAEL TOBEY was and still is the lawful husband of plaintiff THERESA TOBEY, and they reside together and continue to reside together as husband and wife with all the legal and natural consequences attendant to the aforesaid status.

188.    By reason of defendant ALL-FAB'S actions as alleged above, plaintiff THERESA TOBEY lost the comfort, companionship, society and services and her husband, plaintiff MICHAEL TOBEY.

189.    By reason of defendant ALL-FAB'S actions as alleged above, plaintiff THERESA TOBEY sustained the burden of caring of her husband and performing services related to his health, well being and physical comfort as well as assuming certain household tasks and responsibilities, and will be caused more of the same in the future.

190.    By reason of defendant ALL-FAB'S actions as alleged above, plaintiff THERESA TOBEY has been caused to sustain all of the damages hereinbefore set forth, and has, as a consequence, sustained great and severe damages requiring adequate compensation by money damages exceeding $75,000.00. Plaintiff THERESA TOBEY prays for money damages sufficient to provide adequate compensation for all of the damage and loss.

## JURY TRIAL DEMAND

191.    Plaintiffs request for a jury trial of this action.

**WHEREFORE**, plaintiffs demand judgment against defendants in a sum of money that would reasonably and fairly compensate them, together with the costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

Dated:  October 6, 2010

Respectfully submitted,

Christina Bruner Sonsire, Esq.
**ZIFF LAW FIRM, LLP**
*Attorneys for Plaintiffs*
**Office and Post Office Address**
303 William Street
P.O. Box 1338
Elmira, NY 14901-1338